

FILED

JUN 0 7 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RAYMOND JOSEPH EVA,<br><br>Petitioner,<br><br>vs.<br><br>DAN O'FALLON, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-32-BU-DLC-JCL<br><br>ORDER FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 14, 2018, Petitioner Raymond Joseph Evan filed this action under 28 U.S.C. § 2254.[1] Eva is a state prisoner proceeding pro se. Mr. Eva alleges the state courts failed to award him credit for time served on probation as required by law and in violation of his constitutional right to be free from Double Jeopardy. (Doc. 1-1). For the reasons set forth below, Mr. Eva's petition should be denied.

I. **Motion to Proceed In Forma Pauperis**

Although Mr. Eva has not provided the requisite account statement, there is no reason to delay this matter further. Accordingly, the motion to proceed in forma

---

[1] A pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also*, Pet. (Doc. 1 at 8).

1

pauperis (Doc. 2) is GRANTED.

## II. Background

In 2004, Eva entered guilty pleas to two counts of Sexual Assault and two counts of Sexual Intercourse Without Consent in Montana's Second Judicial District, Butte-Silver Bow County. Eva was sentenced to a thirty-year prison terms with twenty of the years suspended on each count; the sentences were ordered to run concurrently. Eva unsuccessfully sought to challenge these convictions previously via federal petitions for habeas relief. Eva's first petition was dismissed without prejudice based upon Eva's failure to exhaust his state remedies. *Eva v. State of Montana*, No. CV 05-14-BU-CSO-SHE (D. Mont. filed Feb. 17, 2005). Eva's second petition was dismissed with prejudice as procedurally barred. *Eva v. Attorney General*, No. CV 06-43-BU-RFC (D. Mont. filed May 25, 2007).

In September of 2013, after serving nine years, Eva discharged his custodial sentence and began serving the suspended portion of his sentence on probation. In December of 2015, a report of violation was filed by Eva's supervising probation officer alleging that Eva had violated various probationary terms of his sentence.[2]

---

[2] It was alleged Eva violated his probation by: (1) associating with a known offender without permission; (2) communicating with minors via social media; (3) having sexual contact with three juveniles; (4) viewing pornography on a smart phone and computers; and (5) being terminated from required sex offender treatment. See, *Eva v. State*, DA 17-0187, 2018 MT 11N, ¶ 4 (Mont. Jan. 18, 2018).

2

During a March 2016 hearing, Eva admitted to several of the allegations lodged against him and the trial court revoked the suspended portion of his 2004 sentence.[3]

Eva then filed a petition for postconviction relief in the trial court which was ultimately dismissed for failure to sufficiently state a cognizable claim. Eva appealed. In affirming the denial of Eva's postconviction petition, the Montana Supreme Court determined Eva's claim that he was provided ineffective assistance of counsel and claim that the State purportedly failed to disclose benefits provided to its witnesses were both fact-dependent and Eva's failure to file a verified petition supported by evidence was fatal to the claims. *Eva v. State*, DA 17-0187, 2018 MT 11N, ¶ 9 (Mont. Jan. 18, 2018).[4] Likewise, the Court determined, Eva's claims that probation officers illegally searched his home, that the trial court improperly revoked his sentence and/or imposed an illegal sentence upon resentencing, and that the revocation and resentencing constituted double jeopardy, were likewise defeated by Eva's failure to comply with state statutory filing

---

[3] Eva admitted to: (1) associating and residing with another known offender without permission of his supervising officer; (2) having a Facebook profile and communicating with a high school student in Missoula, Montana; (3) having sexual contact with two males whom he believed to be sixteen and seventeen years old; (4) possessing and viewing pornography on his cell phone and computer and engaging in adult sites, including Grinder and Craigslist; and (5) failing to remain in sexual offender treatment because of his termination from the program. *Eva v. O'Fallon*, OP 18-0141, Or. at 1 (Mont. March 20, 2018).

[4] All state court briefing and opinions available at: https://supremecourtdocket.mt.gov (accessed June 5, 2018).

3

requirements. *Id.*

Eva then filed a petition for a writ of habeas corpus in the Montana Supreme Court wherein he alleged, much as he does in the present petition, that he should be credited for the two and one-half years he served on probation. Relying upon the Double Jeopardy clause of the Fifth Amendment, Eva argued the trial court erred by imposing more than one sentence for the same offense.

The Montana Supreme Court determined Eva's 2016 revocation sentence did not violate his right to be free from double jeopardy:

> Eva has not received more than one sentence for the same offense. Pursuant to Montana's sentencing statutes, after a judge finds that the offender has violated his probationary conditions, a judge 'may revoke the suspension of a sentence and require the offender to serve either the sentence imposed or any sentence…that does not include a longer imprisonment or commitment term than the original sentence.' Section 46-18-203(7)(a)(iii), MCA (2015). The District Court revoked Eva's 2004 sentence and imposed a twenty-year sentence, which is not any longer.

*Eva v. O'Fallon*, OP 18-0141, Or. at 2 (Mont. March 20, 2018).

The Court went on to explain that the state district court is not required to credit an offender with time served on probation, also known as "street time." By statute, upon revocation a judge "shall consider any elapsed time and either expressly allow all or part of the time as credit against the sentence or reject all or part of the time as credit" and "[t]he judge shall state the reasons of the judge's determination in the order." *Id.*, citing § 46-18-203(7)(b), MCA. The Supreme

4

Court observed the district court rejected an award of any street time credit for Eva and expressly stated its rationale in the judgment:

> IT IS THE DECISION OF THIS COURT, that there exists no basis to provide the Defendant any credit for time served while on probation. The Defendant, is in the opinion of this Court, a danger to the community and has been since his release from prison in September 2013. The Court, however, will grant the Defendant credit for time served while incarcerated in this matter of the State's Petition to Revoke in the amount of 170 days.

*Id.* at 3. Thus, the Supreme Court found that far from denying Eva a constitutional right, the district court acted within its statutory authority in denying Eva credit for his street time.

Additionally, the Court noted the case upon which Eva relied, *Kennick v. Super. Ct. of Cal.*, 736 F. 2d 1277 (9th Cir. 1984), did not support his argument because, unlike Kennick, Eva did not serve all twenty years of his probationary sentence prior to his revocation. *Id.* at 2. In sum, the Court determined Eva's sentence was valid, that he did not receive an unlawful second punishment, that he was provided all credit he was due under Montana law, and that he failed to demonstrate an illegal sentence or restraint. *Id.* at 3. Eva's petition was denied.

### III. Claims

Although somewhat difficult to follow, Eva seems to argue there is a distinction between suspended sentences and probationary sentences. (Doc. 1-1 at 1). The distinction being that probation is an "active sentence" because there are

requirements placed upon the sentence such as seeing a probation officer and attending groups. Eva then posits that if suspended sentence terms are being served as probationary sentences, the law must grant credit for the time served, otherwise, such sentences amount to double jeopardy. *Id.* Eva arrives at this conclusion by reasoning that upon revocation, if one is not awarded credit for time served on probation, one can end up serving more time than that which was originally ordered by the court. *Id.* Such a situation, according to Eva, is "undeniable double jeopardy" because it amounts to multiple punishments for the same crime. *Id.* at 1-2. Eva asks this Court to grant his petition and order him credited for the time he served on probation as a result of the purported Double Jeopardy violation. *Id.* at 3.

## IV. Analysis

As set forth in the Montana Supreme Court's decision, upon revocation the sentencing judge had the discretion to decide whether or not Eva should be afforded credit for his street time. In its judgment, the district court complied with the statutory requirements and informed Eva of its reasoning for denying Eva such credit. All of this was well within the district court's authority under state law. While the Court can understand that Eva perceives the denial of credit as unfair, it was not unlawful. Nor does Eva's perception or his reference to a purported Double Jeopardy violation convert this issue into one of federal constitutional

import. Additionally, *Kennick,* 736 F. 2d 1277, is inapposite to the present matter and Eva's reliance upon it is misplaced.

To the extent that Eva seeks to challenge the Montana state courts' interpretation of state law and the application of state sentencing provision to him, the claim is not cognizable in federal habeas. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.").

Furthermore, the Court is not suggesting that the state court erred in any manner by imposing the revocation sentence that it did; but even if there was error, "a mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas." *Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Eva's claim is simply

not cognizable in a federal habeas proceeding; the petition should be denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claim Eva attempts to advance does not make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

### ORDER

Mr. Eva's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Eva's Petition (Doc. 2) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Eva may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Eva must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of June, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Eva is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.